UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT GARDNER,

    Petitioner,                          Case No. 12-14138

v.                                           HONORABLE GEORGE CARAM STEEH

CINDI CURTIN,

    Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS [Dkt. 7], GRANTING PETITIONER'S MOTION TO STAY [Dkt. 10], DENYING AS MOOT PETITIONER'S MOTION TO STRIKE [Dkt. 9], AND DIRECTING CLERK TO CLOSE CASE FOR ADMINISTRATIVE PURPOSES**

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. §2254. Petitioner Trent Gardner challenges his 2010 jury trial convictions and sentences for two counts of assault with intent to commit great bodily harm less than murder, two counts of felony firearm, and felon in possession of a firearm. This matter comes before the Court on three motions. Respondent Cindy Curtin moves to dismiss the petition without prejudice for lack of exhaustion; Petitioner opposes the motion to dismiss, arguing that his claims are exhausted. In the alternative, however, Petitioner moves to have the Court stay, rather than dismiss, the petition pending exhaustion of state court remedies. Petitioner also moves to have some words stricken from his petition. For the reasons stated below, the Court will deny Respondent's motion to dismiss, grant Petitioner's motion to stay, and deny as moot Petitioner's motion to strike.

**I.   BACKGROUND**

Petitioner's convictions arose from the shootings of two children in Jackson, Michigan in April, 2007. The facts are summarized in the opinion of the Michigan Court of Appeals, which facts are presumed correct on habeas review. 28 U.S.C. §2254(e):

> On April 3, 2007, two children, aged 11 and 15, were shot with a shotgun while playing outside on Jackson Street in Jackson, Michigan. Although there were several eyewitnesses, no one could provide a detailed description of the shooter and police eventually considered the case a cold case. On May 29, 2009, police officers responded to a domestic disturbance at the home of defendant and his wife, Peggy Gardner. Peggy informed the police at that time that defendant was responsible for the Jackson Street shooting. At the police station, Peggy provided officers with a signed statement implicating defendant. Peggy also participated in a videotaped interview with a detective. During the interview, Peggy described details of the shooting that were not previously made public such as the escape route, the fact that a shotgun was used, and the specific type of shotgun ammunition that was involved. In response to the information provided by Peggy, police officers obtained a warrant, searched defendant's home, and eventually arrested defendant in connection with the shootings.
>
> Peggy testified at defendant's preliminary hearing and reiterated exactly what she told the detective during her interview. However, during trial, Peggy suggested that the medication she was on at the time of the interview and the preliminary examination caused her to be paranoid and aggressive, and that while what she said was "her truth" at the time, she believed it all might have been a "made memory." Peggy eventually testified at trial to almost all the information she conveyed during the interview and the preliminary hearing; however, she was equivocal and uncooperative.

*People v. Gardner*, No. 297981, 2011 WL 5008578 (Mich. App. Oct. 20, 2011).

Petitioner appealed to the Michigan Court of Appeals. Appellate counsel raised one issue on appeal

> I.   The trial court's allowance into evidence of Peggy's videotaped interview, inadmissible hearsay, deprived Petitioner his state and federal constitutional rights to a fair trial.

Petitioner also filed *pro per* a supplemental brief pursuant to Michigan Supreme Court Administrative Rule 2004-6, Standard 4, raising five additional claims:

  I. Ineffective assistance of trial counsel
  II. Prosecutorial misconduct
  III. Insufficient evidence
  IV. The trial court abused its discretion in imposing an over the guidelines sentence.
  V. The trial court abused its discretion and deprived Petitioner of due process and a fair trial by cross-examining Peggy.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished, *per curiam* opinion. *Gardner*, 2011 WL 5008578. The Michigan Court of Appeals also denied reconsideration.

Petitioner filed a *pro per* application for leave to appeal with the Michigan Supreme Court asserting five claims for habeas relief:

  I. The trial court's allowance into evidence of Peggy's videotaped interview, inadmissible hearsay, deprived Petitioner his state and federal constitutional rights to a fair trial.
  II. Ineffective assistance of trial counsel
  III. Insufficient evidence
  IV. The trial court abused its discretion in imposing an over the guidelines sentence.
  V. The trial court abused its discretion and deprived Petitioner of due process and a fair trial by cross-examining Peggy.

The Michigan Supreme Court denied leave to appeal in a form order on June 25, 2012. *People v. Gardner*, 491 Mich. 942 (2012).

Petitioner signed and dated his federal habeas petition on September 9, 2012. The habeas petition asserts five claims for habeas relief:

  I. The trial court abused its discretion and violated Petitioner's state and federal constitutional rights by admitting into evidence Peggy's videotaped police interview.
  II. Ineffective assistance of trial counsel
  III. Insufficient evidence

- IV. The trial court abused its discretion in imposing an over the guidelines sentence.
- V. The trial court abused its discretion and deprived Petitioner of due process and a fair trial by cross-examining Peggy.

## II. ANALYSIS

Respondent contends that Petitioner's habeas application is subject to dismissal because it contains claims which have not been exhausted with the state courts. Petitioner argues that the petition does not contain unexhausted claims but only elaborations of claims that are exhausted. In the alternative, Petitioner moves to have the petition stayed, rather than dismissed, while he exhausts his federal habeas claims in state court. Upon review, the Court agrees with Respondent that certain claims in the petition have not been exhausted.

Federal law requires that a state prisoner seeking federal habeas relief first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional total exhaustion requirement in habeas cases. *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012). The total exhaustion requirement, generally speaking, forbids federal habeas courts from granting relief on "mixed petitions," those containing both exhausted and unexhausted claims. *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* To be properly exhausted, each claim must have been "fairly

presented" to both the state court of appeals and the state supreme court. *Id.* at 414. "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Id.* at 414-15.

On his direct appeal to the Michigan Court of Appeals and his application for leave to appeal with the Michigan Supreme Court, Petitioner raised five claims that mirror the five claims that he raises in his federal petition. Petitioner argued that the trial court abused its discretion and violated Petitioner's state and federal rights by admitting Peggy's videotaped police interview into evidence, that his constitutional rights were violated by the ineffective assistance of his trial counsel, that there was insufficient evidence to convict him, that the trial court abused its discretion in imposing an over the guidelines sentence, and that the trial court abused its discretion and deprived Petitioner of due process and a fair trial by cross-examining Peggy. Petitioner raises the same five claims in the petition. In the portion of the petition that provide legal argument and factual support for these claims, however, the Petitioner raises several claims that were either not presented in his direct appeal to the Michigan Court of Appeals or were not presented in his application for leave to appeal with the Michigan Supreme Court.

In Petitioner's claim of ineffective assistance of trial counsel that he presented to the Michigan Court of Appeals, Petitioner argued that his trial counsel was ineffective because he failed to interview witnesses, he failed to call Charles Schmucker as a witness, he failed to offer an inconsistent statement made by Crystal Jewel, he failed to obtain an expert witness, and he failed to recuse himself on the grounds that trial counsel was also a witness to Peggy's inconsistent statements. Petitioner's application for leave to appeal with the Michigan Supreme Court claimed that trial counsel was ineffective for the reasons

asserted in his direct appeal, and, in addition, for failing to present Peggy's son as a witness, and for failing to object to prosecutorial misconduct and to the admission of the videotape. In his habeas petition, Petitioner argues that his trial counsel was ineffective for all the reasons outlined in Petitioner's direct appeal and in his application for leave to appeal with the Michigan Supreme Court, and, in addition, for failing to call Petitioner's landlord, Rick Gorzen, at trial and for failing to introduce evidence of an injury Petitioner suffered from at the time of the shootings.

Petitioner's habeas petition therefore raises ineffective assistance of trial counsel claims which have yet to be presented to both levels of the state appellate courts. The federal courts may not consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *Wagner*, 581 F.3d at 414-15. This requires a petitioner to present the issue to both the state court of appeals and the state supreme court. *Id.* at 414. "[T]o the extent that an ineffective assistance of counsel claim is based upon a different allegedly ineffective action than the claim presented to the state courts, the claim has not been fairly presented to the state courts." *Caver* v. *Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003) (*citing Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). Because Petitioner's ineffective assistance of counsel claims in this action involving the failure to call defense witnesses, failure to object, and failure to introduce evidence are different than the ineffective assistance of counsel claims that were presented during Petitioner's appeal of right, these claims have not been fairly presented to the state courts.

In sum, the petition contains both exhausted and unexhausted claims. A federal court may not grant relief on a "mixed" petition containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F.3d at 423. The only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424 (citing 28 U.S.C. § 2254(b)). Petitioner's habeas application is thus subject to dismissal because it contains both exhausted claims and claims that have yet to be presented to the state courts.

A federal district court, however, has the discretion to stay, rather than dismiss, a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *Rhines v. Weber*, 544 U.S. 269, 275-78 (2005). Stay and abeyance is available only when the district court determines that there was good cause for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not plainly meritless, and the prisoner has not engaged in intentional delay. *Id.*, 277-78.

Petitioner's unexhausted claims do not appear to be "plainly meritless." *See Rhines*, 544 U.S. at 277. Further, Petitioner may establish good cause for his delay in filing his motion for relief from judgment in state court, and it does not appear that petitioner has engaged in "intentionally dilatory tactics." *See id.* at 277. Finally, there is a risk that the

AEDPA limitations period may run out if the petition is dismissed. The Court will therefore exercise its discretion to stay, rather than dismiss, the petition.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner the following time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order, if he has not done so already. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

For these reasons, the Court will deny Respondent's motion to dismiss the petition and will grant Petitioner's motion for a stay. Since the action will be stayed, and Petitioner may file an amended petition after exhaustion of his state remedies, Petitioner's motion to strike certain words from his petition will be denied as moot.

### III. ORDER

**IT IS ORDERED** that Respondent's Motion to Dismiss [Dkt. 7] is **DENIED**.

Petitioner's Motion for a Stay [Dkt. 10] is **GRANTED**.

Petitioner's Motion to Strike [Dkt. 9] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order, if he has not filed such a motion already. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition using the same caption and case number within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contain any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED**.

Dated:  September 23, 2013

>                     s/George Caram Steeh
>                     GEORGE CARAM STEEH
>                     UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 23, 2013, by electronic and/or ordinary mail and also on Trent Gardner #759967, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk

---