UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT GARDNER,

                    Petitioner,

        v.                                    CASE NO. 2:12-CV-14138
                                              HONORABLE GEORGE CARAM STEEH
MARY BERGHUIS,

                    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

        Trent Gardner, ("petitioner"), confined at the Macomb Correctional Facility in New

Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  In his *pro se* application, petitioner challenges his conviction for assault with

intent to do great bodily harm, M.C.L.A. 750.84; two counts of felony-firearm, M.C.L.A.

750.227b; felon in possession of a firearm, M.C.L.A. 750.224f; and being a fourth felony

habitual offender, M.C.L.A. 769.12.  For the reasons stated below, the petition for writ of

habeas corpus is DENIED.

## I.  Background

        Petitioner was convicted following a jury trial in the Jackson County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

        On April 3, 2007, two children, aged 11 and 15, were shot with a shotgun
        while playing outside on Jackson Street in Jackson, Michigan.  Although

-1-

there were several eyewitnesses, no one could provide a detailed description of the shooter and police eventually considered the case a cold case. On May 29, 2009, police officers responded to a domestic disturbance at the home of defendant and his wife, Peggy Gardner. Peggy informed the police at that time that defendant was responsible for the Jackson Street shooting. At the police station, Peggy provided officers with a signed statement implicating defendant. Peggy also participated in a videotaped interview with a detective. During the interview, Peggy described details of the shooting that were not previously made public such as the escape route, the fact that a shotgun was used, and the specific type of shotgun ammunition that was involved. In response to the information provided by Peggy, police officers obtained a warrant, searched defendant's home, and eventually arrested defendant in connection with the shootings.

Peggy testified at defendant's preliminary hearing and reiterated exactly what she told the detective during her interview. However, during trial, Peggy suggested that the medication she was on at the time of the interview and the preliminary examination caused her to be paranoid and aggressive, and that while what she said was "her truth" at the time, she believed it all might have been a "made memory." Peggy eventually testified at trial to almost all the information she conveyed during the interview and the preliminary hearing; however, she was equivocal and uncooperative.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In this case, there was circumstantial evidence identifying defendant as the shooter, including the testimony of defendant's neighbor that she observed someone whom she believed was defendant entering his home shortly after the shooting, and the discovery of shotgun shells matching those found at the scene of the crime in defendant's home. Additionally, Peggy testified that defendant left the house the night of the shooting with a shotgun, dressed all in black with a mask and indicated that he was going to Jackson Street to "get even." Peggy testified that defendant returned home shortly after the shooting and indicated that he opened fire into a group of people. Peggy testified that defendant was in possession of the same type of shotgun shell that was located at the scene of the crime, and that defendant indicated to her that he was worried that he dropped a shotgun shell.

*People v. Gardner*, No. 297981, 2011 WL 5008578, * 1, 5 (Mich. App. Oct. 20, 2011).

In addition to this evidence, Eric Berry testified that his father was petitioner's

neighbor. Berry was at his father's house when he heard reports of the shooting on a

police scanner. Berry called up petitioner to ask if he had heard anything about the

shooting.  Petitioner replied, "Do you actually think I would hurt a kid?" (Tr. 2/10/10, pp. 144-45).  Petitioner called Berry at the time that Ms. Gardner had gone to the police and told Berry that he needed help because he could no longer remember where he was at the time of the shooting.  Petitioner asked Berry to say that petitioner was at home at the time of the shooting, but Berry stated that he could not vouch for petitioner's whereabouts. (*Id.*, pp. 153-54).

Petitioner's conviction was affirmed on appeal. *People v. Gardner*, 2011 WL 5008578*; lv. Den.* 491 Mich. 942, 815 N.W.2d 457 (2012).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance to permit petitioner to return to the state courts to exhaust additional claims that he had failed to raise in the state courts prior to filing his habeas petition. *Gardner v. Curtin,* No. 12-14138, 2013 WL 5340778 (E.D. Mich. Sept. 23, 2013).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* which the trial court denied. *People v. Gardner*, No. 09-5355 (Jackson Cnty. Cir. Ct. June 1, 2014).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Gardner,* No.  322848 (Mich. Ct. App. Nov. 7, 2014); *lv. den.* 498 Mich. 864, 866 N.W.2d 424-425 (2015).

The Court reopened the case to the Court's active docket.

In his original and amended petitions, petitioner seeks a writ of habeas corpus on the following grounds: (1) the trial court violated petitioner's right to a fair trial through the improper admission of Peggy Gardner's prior consistent statement, (2) petitioner was denied the effective assistance of trial counsel, (3) the evidence was insufficient to

convict petitioner, (4) the judge used factors that had not been proven beyond a

reasonable doubt in scoring petitioner's sentencing guidelines, (5) judicial misconduct.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1)      resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> > (2)      resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the State
> > court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state

court's determination that a claim lacks merit precludes federal habeas relief so long as

'fairminded jurists could disagree' on the correctness of the state court's decision."

-4-

*Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S.
652, 664 (2004)).  Therefore, in order to obtain habeas relief in federal court, a state
prisoner is required to show that the state court's rejection of his claim "was so lacking
in justification that there was an error well understood and comprehended in existing
law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.  A
habeas petitioner should be denied relief as long as it is within the "realm of possibility"
that fairminded jurists could find the state court decision to be reasonable. *See Woods
v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III.  Discussion

### A.  Claim # 1.  The prior consistent statement claim.

Petitioner contends that the trial court erred in permitting the introduction of
Peggy Gardner's videotaped statement to the police on the ground that the statement
was inadmissible hearsay that did not qualify as a prior consistent statement that would
have been admissible pursuant to M.R.E. 801(d)(1)(b) to rebut a charge of improper
motive or influence, but was instead admitted solely to bolster Ms. Gardner's trial
testimony.

It is "not the province of a federal habeas court to reexamine state-court
determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).
A federal court is limited in federal habeas review to deciding whether a state court
conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Thus,
errors in the application of state law, especially rulings regarding the admissibility of
evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,*
224 F. 3d 542, 552 (6th Cir. 2000).

The admissibility of evidence under Michigan's hearsay rules is not cognizable in a habeas corpus proceeding. *See Byrd v. Tessmer,* 82 Fed. Appx. 147, 150 (6th Cir. 2003). The admission of this evidence in violation of Michigan's rules of evidence would not entitle petitioner to relief.

The admission of a prior consistent statement when the declarant is available for cross-examination at trial, as was the case here, is not a question that rises to the level of a constitutional violation for purposes of habeas corpus relief. *See United States ex. rel. Gonzalez v. DeTella,* 918 F. Supp. 1214, 1222 (N.D. Ill. 1996)(internal citations omitted). Indeed, there is no violation of the Sixth Amendment's Confrontation Clause when the witness testifies at trial and is subject to unrestricted cross-examination. *United States v. Owens,* 484 U.S. 554, 560 (1988). As the Supreme Court has explained, "where the declarant is not absent, but is present to testify and to submit to cross examination, our cases, if anything, support the conclusion that the admission of his out of court statements does not create a confrontation clause problem." *California v. Green,* 390 U.S. 149, 162 (1970). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Owens,* 484 U.S. at 560 (internal citations omitted). Because Ms. Gardner testified at the petitioner's trial and was subject to cross-examination, the admission of her out of court statement to the police did not violate the petitioner's Sixth Amendment right to confrontation. *See Shannon v. Berghuis,* 617 F. Supp. 2d 596, 604 (W.D. Mich. 2008).

Petitioner's claim about the admission of Ms. Gardner's prior consistent statement involves at best an error of state law that is not cognizable in federal habeas

review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 715 (E.D. Mich. 2002). Because

Ms. Gardner was subject to cross-examination at petitioner's trial, the admission of her

out of court statements presented no Confrontation Clause problems. *Id.* Moreover,

there is "no Supreme Court decision holding that the improper use of a witness's prior

consistent statements violates the Constitution." *Drain v. Woods*, 902 F. Supp. 2d 1006,

1037 (E.D. Mich. 2012); *aff'd,* 595 Fed. Appx. 558, 561 (6th Cir. 2014). Because the

admission of Ms. Gardner's prior consistent statement did not deprive the petitioner of a

fundamentally fair trial, petitioner is not entitled to habeas relief on his claim. *See*

*Benton v. Booker,* 403 Fed. Appx. 984, 986 (6th Cir. 2010).

**B. Claim # 2.  The ineffective assistance of counsel claims.**

Petitioner next contends that he was denied the effective assistance of trial

counsel. [1]

To show that he was denied the effective assistance of counsel under federal

constitutional standards, a defendant must satisfy a two prong test. First, the defendant

must demonstrate that, considering all of the circumstances, counsel's performance

was so deficient that the attorney was not functioning as the "counsel" guaranteed by

the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing,

---

[1]  Respondent contends that several of petitioner's ineffective assistance of trial counsel claims are procedurally defaulted, mainly because petitioner raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3) for failing to raise these claims on his appeal of right. Petitioner argues that appellate counsel was ineffective in the handling of the appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett*, 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

the defendant must overcome a strong presumption that counsel's behavior lies within

the wide range of reasonable professional assistance. *Id.* In other words, petitioner must

overcome the presumption that, under the circumstances, the challenged action might

be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show

that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the

defendant must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

*Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The

likelihood of a different result must be substantial, not just conceivable.'" *Storey v.

Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112).  The

Supreme Court's holding in *Strickland* places the burden on the defendant who raises a

claim of ineffective assistance of counsel, and not the state, to show a reasonable

probability that the result of the proceeding would have been different, but for counsel's

allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).  The

*Strickland* standard applies as well to claims of ineffective assistance of appellate

counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court

believes the state court's determination' under the *Strickland* standard 'was incorrect but

whether that determination was unreasonable-a substantially higher threshold.'"

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550

U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of

the *Strickland* standard was unreasonable.  This is different from asking whether

defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*,

-8-

562 U.S. at 101.  Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101.  "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner first argues that trial counsel was ineffective for failing to call Charles Schmucker, Ricky Gorzen, and Corey Webb as witnesses to state that Peggy Gardner testified falsely.  Petitioner also claims that his trial counsel should also have recused himself in order to testify as a defense witness that Ms. Gardner told him that she lied. Petitioner also claims that trial counsel was ineffective for failing to call Crystal Jewell, Eric Berry, or Ken Robinson to testify as alibi witnesses.

Petitioner failed to attach any affidavits from these witnesses to any of the briefs that he filed with the Michigan courts on either his direct appeal or post-conviction review, nor did he provide this Court with any affidavits from these witnesses concerning their proposed testimony and willingness to testify on petitioner's behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).  By failing to present any evidence to the state courts in support of

-9-

his ineffective assistance of claim, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)).  Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been.  In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551*,* 557 (6th Cir. 2007). [2]

Moreover, with respect to any witnesses who would have testified that Ms. Gardner falsely accused petitioner, this Court notes that petitioner's trial counsel extensively impeached Ms. Gardner and called into question her credibility.  Counsel elicited testimony from Ms. Gardner that she was diagnosed with several mental illnesses, for which she was on several medications and was receiving disability payments.  Ms. Gardner acknowledged that the medications affected her perceptions. (Tr. 2/10/10. pp. 5-9).  Ms. Gardner admitted that she only incriminated petitioner after the police responded to a domestic incident at their home.  Ms. Gardner admitted that the police had been called to the Gardner house numerous times before and each time she had been the one who had been asked by the police to leave, which upset her. (*Id.,* pp. 9-14).  Ms. Gardner indicated that she felt coerced into testifying. (*Id.,* pp. 10–11).

---

[2] Although petitioner attached letters that purport to be from Mr. Gorzan or Mr. Webb, these letters are not sworn or notarized.  Because these letters are unauthenticated, they cannot support petitioner's ineffective assistance of counsel claim. *Clark,* 490 F. 3d at 553, 558.

Ms. Gardner admitted to leaving her two children in the care of petitioner even after she had told the police that he had shot two young persons. (*Id.,* pp. 15-16).  Ms. Gardner acknowledged that after petitioner's arrest, she put out flyers around Jackson proclaiming petitioner's innocence. (*Id.,* pp. 28-32).  Ms. Gardner admitted to illegal drug usage and alcohol abuse. (*Id.,* pp. 42-44).  In addition, as mentioned below, counsel elicited testimony that the eyewitnesses had described their assailant as being African-American, whereas petitioner is Caucasian, which would call into question Ms. Gardner's testimony that petitioner was the shooter.

Petitioner was not prejudiced by counsel's failure to call any witnesses to challenge Ms. Gardner's credibility because their testimony was cumulative of other evidence presented at trial in support of petitioner's claim that Ms. Gardner had fabricated her allegations against petitioner. *Wong,* 558 U.S. at 22-23; *See also United States v. Pierce,* 62 F. 3d 818, 833 (6th Cir. 1995).

Regarding trial counsel's failure to call Ms. Jewell or Mr. Berry as alibi witnesses, this Court already noted that Mr. Berry testified that he could not vouch for petitioner's whereabouts at the time of the shooting. (Tr. 2/10/10, pp. 153-54).  Petitioner acknowledges in his pleadings that Ms. Jewell could not recall if she spoke with petitioner the night of the shooting or the next day. (*Id.,* p. 137).  A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F. 3d 520, 527 (6th Cir. 2004)(internal quotation omitted).  Because neither of these witnesses would have exculpated petitioner, counsel was not ineffective in failing to call them as alibi witnesses.

-11-

Petitioner next claims that trial counsel should have interviewed witnesses who would testify that an African-American was the shooter.  Petitioner ignores the fact that trial counsel elicited evidence from several persons that the persons at the crime scene had described the shooter as a black man wearing black clothing. (Tr. 2/9/10, pp. 23-25, p. 89, pp. 114-16).  Petitioner's counsel argued in his opening and closing arguments that the witnesses had described the shooter as being African-American. (Tr. 2/8/10, pp. 89-94, Tr. 2/11/10, pp. 123, 133).  To the extent that petitioner alleges that counsel should have called additional witnesses to testify that the shooter was African-American, petitioner does not offer the names of these witnesses or provide any affidavits indicating their proposed testimony or willingness to testify.

As a related claim, petitioner argues that trial counsel was ineffective for failing to investigate or present evidence that a young African-American male named Blake Curran may have been the shooter.  Petitioner again ignores the fact that trial counsel elicited testimony from one of the victims that he told the police that he had been having problems with Mr. Curran and thought he might be the shooter. (Tr. 2/8/10, pp. 149-50, Tr. 2/9/10, pp. 115-16).  Defense counsel elicited testimony that Blake Curran had been seen in the vicinity of the shooting. (Tr. 2/9/10, p. 25).  Defense counsel argued in his closing argument that Mr. Curran had been mentioned as a possible suspect. (Tr. 2/11/10, pp. 122-23, 136-37). This claim is without merit.

Petitioner further claims that trial counsel was ineffective for failing to obtain a ballistics expert to challenge the ballistics evidence.

A habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell,* 455 F. 3d 662,

-12-

672 (6th Cir. 2006).  Petitioner offered no evidence to this Court that there is an expert who would have impeached the prosecutor's firearms expert's testimony.  Petitioner is thus not entitled to relief on this claim.

Petitioner next contends that trial counsel was ineffective for failing to object.

Petitioner first claims that trial counsel should have objected to the admission of Ms. Gardner's videotaped statement to the police.  Counsel, however, did object to the admission of the statement. (Tr. 2/10/10, pp. 105-07).  Because counsel did, in fact, object to the admission of this evidence, this portion of petitioner's ineffective assistance of counsel claim is without merit. *See e.g. Durr v. Mitchell,* 487 F. 3d 423, 440 (6th Cir. 2007).

Petitioner also claims that counsel was ineffective for failing to object to the fact that several of the eyewitnesses committed perjury by changing their stories concerning their description of the racial background of the shooter.

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972).  There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted).  To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).  However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial

-13-

misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F.3d 486, 517-18 (6th Cir. 2000). Mere inconsistencies in a witness' testimony do not establish the knowing use of false testimony by the prosecutor. *Coe*, 161 F. 3d at 343. Additionally, the fact that a witness contradicts himself or herself or changes his or her story also does not establish perjury either. *Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003).

Petitioner has failed to show that any of the witnesses committed perjury at his trial. Petitioner merely points to the fact that some of the witnesses changed their stories, which is insufficient to establish perjury. Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. *Barnett v. United States*, 439 F.2d 801, 802 (6th Cir.1971). Petitioner has failed to show that any of the witnesses committed perjury, thus, counsel was not ineffective for failing to challenge any of this testimony on the ground that it was perjured. *Brown v. Burt*, 65 Fed. Appx. 939, 942 (6th Cir. 2003).

Petitioner next claims that trial counsel was ineffective for failing to investigate evidence that he was on crutches at the time of the shooting, and thus unable to run away from the crime scene. Petitioner's counsel elicited testimony from Peggy Gardner that petitioner was using crutches for a knee injury and was unable to run at the time of the shooting. (Tr. 2/10/10, pp. 19-21). Petitioner also testified to his knee injury and that it prevented him from being able to run. (Tr. 2/11/10, p. 22). Petitioner's counsel mentioned petitioner's knee injury and his inability to flee the scene of the crime in his closing argument. (Tr. 2/11/10, pp. 132-33). This portion of petitioner's claim is without merit.

-14-

Petitioner finally claims that trial counsel was ineffective for stipulating that a "salt like substance" was found on the crime scene shells.  Petitioner has failed to offer any reasonable argument on how this evidence would have been inadmissible at petitioner's trial.  Petitioner was not prejudiced by defense counsel's decision to stipulate to the admission of this evidence, in light of the fact that this same evidence would have been likely have been introduced anyway in a more lengthy process without stipulations from counsel. *See Burke v. U.S.,* 261 F. Supp. 2d 854, 862 (E.D. Mich. 2003).

Finally, to the extent that petitioner claims that appellate counsel was ineffective for failing to raise some of these claims on his direct appeal, he would not be entitled to relief.  The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985).  However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  This Court has already determined that petitioner's claims are without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in his handling of petitioner's direct appeal.

## C.  Claim # 3.  The sufficiency of evidence claim.

Petitioner claims that there was insufficient evidence to convict him because the eyewitnesses all initially identified the shooter as a black male, whereas petitioner is a white male.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be

mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 Fed. Appx. 147, 150 (6th Cir. 2003)(citing *People v. Turrell*, 25 Mich.App. 646, 181 N.W.2d 655, 656 (1970)).

Peggy Gardner testified that petitioner left the house on the night of the shooting armed with a shotgun and dressed all in black with a mask. Petitioner told Ms. Gardner he was going to Jackson Street to "get even." Ms. Gardner testified that petitioner came home shortly after the shooting and told her that he opened fire into a group of people. "[A]n admission by the accused identifying himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F. 2d 490, 494 (8th Cir. 1979); *See also Sok v. Romanowski*, 619 F. Supp. 2d 334, 351 (W.D. Mich. 2008)(evidence sufficient to establish petitioner's identity as armed robber where his admissions placed him at the location of the crime). Petitioner's admission of guilt was sufficient evidence to establish his guilt as the shooter.

In addition, there was circumstantial evidence which linked petitioner to the crime. Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *Johnson v. Coyle,* 200 F. 3d 987, 992 (6th Cir. 2000)(internal quotations

-17-

omitted).  Identity of a defendant can be inferred through circumstantial evidence. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002).

Petitioner's neighbor Crystal Jewell testified that she observed a person whom she believed was petitioner enter into his home shortly after the shooting.  Police recovered shotgun shells matching those found at the crime scene in petitioner's home. Eric Berry testified that when he called petitioner about the shooting, petitioner answered defensively "Do you actually think I would hurt a kid?" even though Berry had not accused him of shooting anyone.  Berry also testified that petitioner later called him and asked Berry to state that petitioner was at home at the time of the shooting even though petitioner admitted that he could not remember where he was at the time of the shooting, suggesting that petitioner was asking Berry to provide a false alibi for him.  An attempt to manufacture a false alibi defense can be considered as evidence of guilt as to the crime charged under both Michigan and federal law. *See People v. Ranes,* 58 Mich. App. 268, 271-72; 227 N.W. 2d 312 (1975); *See also Newman v. Metrish,* 492 F. Supp. 2d 721, 731 (E.D. Mich. 2007); *aff'd* 543 F. 3d 793 (6th Cir. 2008)(internal citation omitted).

Because there were multiple pieces of evidence to establish petitioner's identity as the shooter, the Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw,* 699 F. 3d 908, 919-21 (6th Cir. 2012).

   **D.  Claim # 4. The sentencing guidelines claim.**

   Petitioner next contends that the judge used facts that had not been proven

beyond a reasonable doubt when sentenced petitioner above the appicable sentencing

guidelines range.

   On June 17, 2013, the United States Supreme Court ruled that any fact that

increases the mandatory minimum sentence for a crime is an element of the criminal

offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*,

133 S. Ct. 2151, 2155 ( 2013).  *Alleyne* is an extension of the Supreme Court's holdings

in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S.

296 (2004), in which the U.S. Supreme Court held that any fact that increases or

enhances a penalty for a crime beyond the prescribed statutory maximum for the

offense must be submitted to the jury and proven beyond a reasonable doubt.  In

reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S.

545 (2002), in which the Supreme Court had held that only factors that increase the

maximum, as opposed to the minimum, sentence must be proven beyond a reasonable

doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157-58.

   At the time of petitioner's conviction and sentence, *Harris* was good law.  In

addition, *Alleyne* has not been made retroactive to cases on collateral review. *See In re

Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014).  Although the Michigan Supreme Court

recently relied on *Alleyne* to hold that Michigan's Sentencing Guidelines scheme

violates the Sixth Amendment right to a jury trial, *People v. Lockridge,* 498 Mich. 358;

870 N.W.2d 502 (Mich. 2015), a federal district court may only grant habeas relief if it

finds that the state court's decision was "'contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the *Supreme Court of the United States*' or 'was based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding.'" *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir.2012)(quoting 28 U.S.C. § 2254(d))(emphasis added).  In addition, "[t]he law in question must have been clearly established at the time the state-court decision became final, not after." *Id.* (citing *Williams v. Taylor*, 529 U.S. at 380).  Because the Supreme Court at the time of petitioner's conviction did not require that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, petitioner is not entitled to habeas relief on his fourth claim. *See Gibson v. Tribley*, No. 10-13364, 2013 WL 3353905, at *8 (E.D. Mich. July 3, 2013). [3]

### E.  Claim # 5.  The judicial misconduct claim.

Petitioner finally claims that the judge committed misconduct by asking Ms. Gardner questions.

Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty. *See Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005).  However, in reviewing an allegation of judicial misconduct in a habeas corpus petition, a federal court must ask itself whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process. *Id.*

---

[3] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)).  The maximum sentence is not determined by the trial judge but is set by law. See *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(citing M.C.L.A. 769.8).

To sustain an allegation of bias by a state trial judge as a grounds for habeas relief, a habeas petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his or her personal opinion and impressed the jury as being more than an impartial observer. *Id.* A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *McBee v. Grant*, 763 F. 2d 811, 818 (6th Cir. 1985); *Brown,* 358 F. Supp. 2d at 657.

In the present case, the trial court judge interjected himself only a few times to clarify Ms. Gardner's testimony. It is not unconstitutional under the Due Process Clause for a state trial judge to seek clarification from witnesses at a criminal trial. *Brown v. Palmer,* 358 F. Supp. 2d at 657; *See also Wenglikowski v. Jones,* 306 F. Supp. 2d 688, 695 (E.D. Mich. 2004). "In fact, it is proper for a judge to question a witness when necessary either to elicit the truth or to clarify testimony." *Brown,* 358 F. Supp. 2d at 657. Because the trial court judge's questions were proper, petitioner is not entitled to relief on his fifth claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were

adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: May 18, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-22-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 18, 2016, by electronic and/or ordinary mail and also on
Trent Gardner #759967, Macomb Correctional Facility,
34625 26 Mile Road, New Haven, MI 48048.


s/Barbara Radke
Deputy Clerk